**Dennis MALVASI, Loretta Marra, Plaintiffs–Appellants,**

v.

**UNITED STATES DEPARTMENT OF PROBATION, Department of Justice, United States Attorney for the Eastern District, Federal Bureau of Investigation, United States Attorney General, Defendants–Appellees,**

United States of America, Appellee,

v.

Steven Wavra, Defendant–Appellant.

Nos. 06–0345, 06–2192.

United States Court of Appeals,
Second Circuit.

June 27, 2007.

Bruce A. Barket, Law Office of Bruce A. Barket, Garden City, New York, for Appellants Dennis Malvasi and Loretta Marra.

David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York, for Appellant Steven Wavra.

Steven M. Warshawsky, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Assistant United States Attorney, Eastern District of New York, of counsel), Brooklyn, New York, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Dennis Malvasi and Loretta Marra appeal from a judg-

ment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*), dismissing their complaint asking the district court, *inter alia*, to issue a declaratory judgment that the federal DNA profiling statute, the DNA Analysis Backlog Elimination Act of 2000 ("DNA Act"), Pub.L. No. 106–546, 117 Stat. 2726, codified at 42 U.S.C. § 14135a, violates the Fourth Amendment of the United States Constitution. Defendant–Appellant Steven Wavra appeals from an order of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*) directing Wavra to appear for a blood draw pursuant to the DNA Act. Each Appellant has been convicted of non-violent federal felony and is serving a period of supervisory release, having already served time in prison. The two appeals were heard in tandem before this court.

Appellants argue that the DNA Act violates the Fourth Amendment on its face and as applied to them. As explained in detail in a published opinion concerning a more recent version of the DNA Act, the Justice For All Act of 2004, Pub.L. No. 108–405, 118 Stat. 2260, which requires federal offenders convicted of a felony to supply a sample of their DNA for analysis and storage in a federal database, *United States v. Amerson*, 483 F.3d 73 (2d Cir. 2007), we conclude that the DNA Act satisfies the Fourth Amendment under the special-needs test. *Amerson* upheld the constitutionality of the Justice For All Act as applied to individuals who were convicted of non-violent crimes and sentenced

only to probation. *Id.* at 75. The Appellants are distinguishable from the appellants in *Amerson* only in that they were sentenced to supervisory release following a period of imprisonment, rather than to probation. But individuals under supervised release have, if anything, a lesser reasonable expectation of privacy than individuals on probation. *See United States v. Balon,* 384 F.3d 38, 44 (2d Cir.2004) ("An offender on supervised release has a 'diminished expectation of privacy that is inherent in the very term "supervised release." ' ") (quoting *United States v. Reyes,* 283 F.3d 446, 457 (2d Cir.2002)); *United States v. Lifshitz,* 369 F.3d 173, 181 n. 4 (2d Cir.2004) ("Supervised release, parole, and probation lie on a continuum. The most severe is 'supervised release.' " (citation omitted)). The analysis in *Amerson* finding that the Justice For All Act is consistent with the Fourth Amendment therefore applies with full force to the Appellants herein and its holding determines the outcome of each of these appeals.

For the foregoing reasons, the judgment and order of the District Courts are hereby AFFIRMED.